1  NANCY E. PRITIKIN, Bar No. 102392
   npritikin@littler.com
2  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
3  San Francisco, CA  94108
   Telephone:     415.433.1940
4  Facsimile:     415.399.8490

5  MICHAEL G. LEGGIERI, Bar No. 253791
   mleggieri@littler.com
6  LITTLER MENDELSON, P.C.
   500 Capitol Mall, Suite 2000
7  Sacramento, CA 95814
   Telephone:     916.830.7200
8  Facsimile:     916.848.0200

9  Attorneys for Defendant
   MERASTAR INSURANCE COMPANY
10 (erroneously sued as "Kemper Independent
   Insurance Company")

11

12                    UNITED STATES DISTRICT COURT

13                 EASTERN DISTRICT OF CALIFORNIA

14                        SACRAMENTO DIVISION

15

16 AMY WEHNER-WAGNER,                    Case No.  12cv3004 KJM (CKD)

17              Plaintiff,               **STIPULATED PROTECTIVE ORDER**

18 v.

19 KEMPER INDEPENDENT INSURANCE
   COMPANY, a corporation authorized to
20 conduct business in California,

21              Defendant.

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER                                    12cv3004

1    Defendant Merastar Insurance Company ("Defendant"), erroneously sued as "Kemper

2    Independent Insurance Company," and Plaintiff Amy Wehner-Wagner ("Plaintiff") (collectively

3    referred to as the "Parties"), by and through their respective counsel of record, hereby stipulate to

4    and petition the court to enter the following Stipulated Protective Order ("Protective Order"):

5        1.    Good cause exists for the issuance of this Protective Order, in that the Parties seek to

6    protect private, confidential, proprietary, or other sensitive information that may be produced by the

7    Parties in response to discovery requests, including written discovery and deposition testimony, as

8    may be necessary during the above-entitled lawsuit.  All such private, confidential, proprietary or

9    other sensitive information received by any Party from any Party shall be received through their

10   counsel of record upon the condition that it be used solely for the purpose of preparing for and

11   prosecuting the above-entitled lawsuit.  To accomplish such exchange of information, to safeguard

12   this private, confidential, proprietary and/or sensitive information, and to provide the necessary

13   assurances to both Parties, the Parties agree and propose the following parameters for approval by

14   the Court.

15       2.    The Parties may designate all or portions of any document, thing, material, testimony

16   or other information derived therefrom as "Confidential" under the terms of this Protective Order.

17   Material designated as "Confidential" under this Protective Order (referred to as "Confidential

18   Information") may be used only for the purpose of prosecution, defense, discovery, and/or mediation

19   or settlement of this action, and not for any other purpose.  "Confidential Information" includes, but

20   is not limited to:

21       a.   Information about minor children, spouses, other third party employees,

22            Defendant's customers and/or other persons or entities that is of a confidential or

23            private nature, including but not limited to information concerning insurance

24            policies held by non-parties; or

25       b.   Confidential or sensitive personal, medical, proprietary, business, financial,

26            security, and/or commercial, information;  or

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          1.                          12cv3004

        c. Other personnel or business information that could injure either Party if disseminated to the public, competitors, employers, and/or that the Party believes it has an obligation to protect as private information.

    3. The Parties agree in good faith to limit the designations only to information that qualifies for protection and to designate for protection only the documents and/or parts of documents that contain and/or constitute Confidential Information to minimize the burden of complying with the protections required by this Protective Order.  Nothing in this Protective Order shall limit the parties' ability to produce documents with Confidential Information redacted in lieu of producing Confidential Information where the Confidential Information is not sought in the discovery request. Nothing herein shall permit any materials or testimony previously produced in this action to be designated as "Confidential" retroactively.

    4. Confidential Information shall be so designated by marking or stamping each page of the document or testimony produced with the legend "Confidential."  The one exception will be for documents produced in an electronic format that cannot be readily stamped on each page with a "Confidential" legend.  In that situation, marking or stamping the legend "Confidential" on the cover on the electronic storage medium shall suffice to designate the contents of the electronic storage medium as Confidential and so subject to the terms of this Protective Order.  Whether any evidence or testimony is, in fact, designated as Confidential shall not be conclusive of whether it is lawfully entitled to protection as such, and the Parties may challenge the appropriateness of a designation under the terms set forth in this Protective Order.  The party who so designates information as Confidential is the Designating Party.

    5. Confidential Information produced under this Protective Order shall not be disclosed by any person who has received such Confidential Information through this action to any other person except to:

        a. Attorneys of record for the Parties and their respective associates, paralegals, clerks, consultants, experts and employees involved in the conduct of this litigation;

        b. Plaintiff;

        c. Defendant's officers;

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER     2.     12cv3004

d.   Mediators and/or outside consultants actually retained by a party for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation;

e.   Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

f.   Deponents with respect to whom the attorney for the examining party believes in good faith that disclosures of Confidential Information should be made to conduct relevant examination of such deponent;

g.   Any other person with the prior written consent of the party who has designated such information as "Confidential" or pursuant to a court order; and

h.   Court reporters, clerks and similar personnel, all court personnel, mediators, and similar personnel provided further that Confidential Information filed with the Clerk of the Court shall be submitted for sealing in accordance with Local Rule 141 and the applicable Federal Rules of Civil Procedure.

6.      Before any person described in Paragraphs 5(e)-(f) receives or is shown any document or information which has been designated as "Confidential," such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Protective Order Acknowledgment and Non-Disclosure Agreement in the form of Attachment A to be bound by the terms of this Protective Order.   Where advance notice is not feasible, Attachment A shall be executed within seventy-two (72) hours of the disclosure.   Counsel for the party disclosing the information must retain copies of any executed Protective Order Acknowledgment and Non-Disclosure Agreements.

7.      Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition, as to the specific testimony or items that are claimed to be Confidential.   Arrangements shall be made with the deposition reporter taking and

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER                                3.                                              12cv3004

transcribing information designated as Confidential to bind such portions of the deposition transcript containing information designated as Confidential, where feasible, and to label such portions appropriately.    Deposition testimony where any such information has been designated as Confidential shall be conducted only before those persons identified in Paragraph 5 above.   No person other than those persons identified in Paragraph 5 may attend that portion of a deposition, or read the transcript of or the exhibits marked in any deposition taken in this case, where any such information has been designated as Confidential.   Prior to any person described in Paragraphs 5(d)-(g) attending said deposition or reviewing the transcript or exhibits, that person shall execute a Protective Order Acknowledgment and Non-Disclosure Agreement in the form of Attachment A. Nothing in this protective order gives any individual the right to attend a deposition that they would not otherwise be entitled to attend.

8.       If information designated as Confidential is included in any papers to be filed in this Court, the party filing or proposing to file such papers shall comply with the provisions of Local Rule 141 and the applicable Federal Rules of Civil Procedure so that the document may be filed under seal.  It is the obligation of the party filing documents with the Court containing information designated as Confidential to comply with Local Rule 141 and the applicable Federal Rules of Civil Procedure.  As an alternative to filing under seal, the filing party may propose filing a redacted copy of Confidential Information to the Designating Party who shall promptly either authorize its unsealed filing in writing by email or otherwise, or counter propose additional redactions to allow unsealed filing.  The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal without complying with the requirements of Local Rule 141 and the applicable Federal Rules of Civil Procedure.

9.       During the course of a hearing, if a party believes it necessary to mention, refer to, or describe information in such a way that would reveal information designated as Confidential, said party shall notify the Court and all other Parties of that fact prior to making such mention, reference, or description.  Either party may then request that the hearing be conducted *in camera* or with such persons who are not eligible to receive information designated as Confidential excluded from the proceedings.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER                4.                                            12cv3004

10.     Nothing in this Protective Order shall be construed to mean that counsel of record for a party may not use Confidential materials at trial, subject to any applicable objections or orders made by the Court about such use.  Nothing in this Protective Order shall limit the use by any party, person or entity of his, her, or its own documents or information even if such documents or information have been designated as Confidential.

11.     If, through inadvertence, any party produces or offers as testimony any Confidential Information without labeling it or otherwise designating it as such, the producing party may, at any time, give written notice designating such information as Confidential Information.

12.     This Protective Order is intended only to manage and regulate the handling of documents and testimony throughout the discovery process and the use of such documents during the course of the litigation.  Accordingly, if a document, information, data or item of testimony is designated as "Confidential" under this Order, that designation in and of itself is not intended to and shall not determine the legal protections afforded to that particular document or item.

13.     The parties also wish to protect certain privileged and work product documents, information, and electronically stored information against claims of waiver in the event they are produced during the course of this litigation, whether pursuant to a Court order, a discovery request or informal production.  In addition to the obligations and duties imposed by the California Rules of Professional Conduct, the California Business and Professions Code, and any and all other applicable law, the parties agree as follows:

14.     The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including but not limited to the attorney-client privilege and/or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

15.     If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged or protected;  (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or other

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER                    5.                              12cv3004

identifying information;  and (d) return all hard and soft copies of the documents and, where the documents have been transferred or stored electronically, delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible.  The steps in this paragraph shall be completed within seven (7) days of discovery by the receiving party.  The producing party shall preserve all document(s) returned under this paragraph until it confirms that there is no dispute about the privileged and/or work product nature of the document(s) or, if there is a dispute, until the privilege issue is resolved.  Notwithstanding the provisions of this paragraph, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

16.     Upon written notice of an unintentional production by the producing party or oral notice if notice is delivered on the record at a deposition, the receiving party must promptly return all hard and soft copies of the specified document(s).  Where the document(s) have been transferred or stored electronically or are themselves privileged or attorney work product protected, the receiving party must delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party.

17.     To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party must delete and/or render inaccessible those portions of the document that refer to the privileged and/or work product information.   If the receiving party disclosed the specified document(s) before being notified of its inadvertent production, it must take reasonable steps to retrieve the document(s).

18.     The receiving party's return or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection.  However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          6.                                    12cv3004

1    producing party did not take reasonable steps to prevent the disclosure of the privileged documents,

2    or that the producing party failed to take reasonable steps to rectify the error.

3        19.    The parties shall meet and confer after the receipt of the objection notice in an effort

4    to resolve the situation by agreement.  If an agreement is not reached, the receiving party may file an

5    appropriate motion and, as part of that motion, request that the producing party submit the specified

6    documents to the Court under seal for a determination of the claim and will provide the Court with

7    the grounds for the asserted privilege or protection except where such a submission would violate

8    existing law.    Any party may request expedited treatment of any request for the Court's

9    determination of the claim.

10        20.    Neither entering into this Protective Order, nor receiving any documents or other

11   information designated as Confidential shall be construed as an agreement or admission: (i) as to the

12   correctness or truth of any allegation made or position taken relative to any matter designated as

13   Confidential or (ii) as to the authenticity, competency, relevancy or materiality of any information or

14   document designated as Confidential.  Notwithstanding the entry of the Protective Order, all Parties

15   reserve any and all objections and/or rights as to the relevance and admissibility of all items or

16   evidence which may be offered at deposition and/or at trial.

17        21.    This Protective Order shall not preclude or limit any party's right to oppose or object

18   to discovery on any ground which would be otherwise available.  This Protective Order shall not

19   preclude or limit any party's right to seek *in camera* review or to seek further and additional

20   protection against or limitation upon production or dissemination of information produced in

21   response to discovery, including documents and their content.

22        22.    Nothing in this Protective Order shall constitute waiver of the attorney-client

23   privilege, work product, trade secret or other privileges.  The parties agree that by executing this

24   Protective Order they have not waived and are not waiving, the protections of attorney-client, work

25   product and/or other applicable privileges.

26        23.    The terms of this Protective Order shall survive the final termination of this action

27   and shall be binding on all of the Parties thereafter.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER            7.                    12cv3004

24.     Within thirty (30) business days of the termination or settlement of this action, each party must return or make available for pick-up Confidential Information received during this litigation from the other party and copies of any deposition transcripts designated as Confidential Information.  The action is deemed terminated at such time when the trial Court no longer retains jurisdiction over the action, no appeal had been filed, and the deadline to file an appeal has expired. The action is deemed settled at such time when each party has signed and exchanged executed settlement agreements, and all settlement payments have been made.   Where Confidential Information has been transferred or stored electronically, the receiving party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party.  Notwithstanding these provisions, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information that have become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions.   Such information shall remain subject to the terms of this Protective Order.

25.     Upon returning to the other side all Confidential Information and/or deposition testimony, the returning party must also execute and furnish the Certificate of Surrender and Deletion of Confidential Information Agreement in the form set forth in Attachment B.

///
///
///
///
///
///
///
///
///
///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

26.     Nothing in this Protective Order shall prohibit the right of any party or person to seek modification of the Protective Order in the future. However, this Protective Order may only be amended by written agreement of the Parties in the form of a written stipulation approved by the Court, or other Court order.

**IT IS SO STIPULATED**.

Dated: May 21, 2013

/s/ *Mike Ahmad [with permission]*
MIKE AHMAD
LAW OFFICES OF MARY-ALICE
COLEMAN
Attorneys for Plaintiff
AMY WEHNER-WAGNER

Dated: May 21, 2013

/s/ *Michael G. Leggieri*
NANCY E. PRITIKIN
MICHAEL G. LEGGIERI
LITTLER MENDELSON, P.C.
Attorneys for Defendant
MERASTAR INSURANCE COMPANY

[~~PROPOSED~~] ORDER

Upon review of the Parties' Stipulated Protective Order and upon a finding of good cause, it is hereby ordered that the foregoing Stipulated Protective Order is approved and the Parties are ordered to act in compliance therewith.

**IT IS SO ORDERED**.

Dated: May 22, 2013

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER                    9.                              12cv3004

**ATTACHMENT A**

**PROTECTIVE ORDER ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT**

The undersigned hereby acknowledges and agrees to the following:

      I have had the opportunity to review the Stipulated Protective Order ("Protective Order") in *Wehner-Wagner v. Kemper Insurance, et al.,* United States District Court for the Eastern District of California Case No. 12cv3004.  I certify that I am an appropriate person for receipt of Confidential Information under the Protective Order.  I understand and agree to be bound by the terms of the Protective Order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the Protective Order.  I understand and agree that my use of any Confidential Information shall only be for purposes relating to the above-titled litigation including the prosecution, defense, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this action in accordance with the provisions of the Protective Order.

      I also agree that upon being informed of the termination or settlement of this action, I will surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to.  By signing this Non-Disclosure Agreement, I stipulate to the jurisdiction of the United States District Court for the Eastern District of California to enforce the terms of this Agreement.

Dated: _____, 20__            _____

                                                               Signature

                                              _____

                                              Print Name

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER      10.          12cv3004

1

**ATTACHMENT B**

2

**CERTIFICATE OF SURRENDER AND DELETION OF CONFIDENTIAL INFORMATION**

3

The undersigned hereby represents that, pursuant to the Stipulated Protective Order

4

("Protective Order") in *Wehner-Wagner v. Kemper Insurance, et al.,* United States District Court for

5

the Eastern District of California Case No. 12cv3004, all Confidential Information within the

6

possession, custody or control of the undersigned has been returned to the producing party to the

7

extent it could be returned either in hard or soft copy.   The undersigned further represents that,

8

pursuant to the Protective Order, and to the extent Confidential Information was transferred or stored

9

electronically, all electronic versions of the material and information have been deleted from the

10

devices on which they were stored or accessed or otherwise rendered inaccessible.

11

12

Dated: _____, 20__        _____

Signature

13

14

_____

15

Print Name

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          11.          12cv3004